**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0144-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

FREDERICO BRUNO,

     Defendant-Appellant.

_____

Submitted February 22, 2021 – Decided March 9, 2021

Before Judges Fasciale and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 13-02-0400.

Joseph E. Krakora, Public Defender, attorney for appellant (John V. Molitor, Designated Counsel, on the briefs).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Erin M. Campbell, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from a June 25, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant contends his trial and appellate counsel rendered ineffective assistance. Judge John A. Young entered the order under review, thoroughly considered the issues, and rendered a twenty-page written decision.

Defendant broke into an apartment where his three-month-old son, the son's mother, and the mother's friend resided. Defendant brought a meat cleaver into the apartment, brandished it, and slashed the friend's face and arm. The mother, who was in the same area, tried to protect the son, but defendant threatened to kill her, punched her in the face, and attempted to take the son. The violence continued in the apartment. Video footage captured the mother and son going through a window and hitting the ground. Thereafter, defendant found them and struck the mother with a chair, which was also captured on video. Tragically, the son died. In the apartment, the police located the meat cleaver that defendant utilized, and on the roof, they found gloves worn by defendant during the attacks.

A grand jury indicted defendant with first-degree murder (the child), N.J.S.A. 2C:11-3(a)(1) or (a)(2) (Count One); first-degree felony murder (the child), N.J.S.A. 2C:11-3(a)(3) (Count Two); second-degree burglary, N.J.S.A.

2C:18-2 (Count Three); first-degree attempted murder (the mother and friend), N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3 (Counts Four and Five); second-degree aggravated assault (the girlfriend and the friend), N.J.S.A. 2C:12-1(b)(1) (Counts Six and Seven); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (Counts Eight, Ten and Twelve); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (Counts Nine, Eleven and Thirteen); second-degree witness tampering, N.J.S.A. 2C:28-5(a) (Count Fourteen); third-degree endangering an injured victim, N.J.S.A. 2C:12–1.2 (Counts Fifteen, Sixteen and Seventeen); second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a) (Count Eighteen); and fourth-degree obstructing the administration of justice, N.J.S.A. 2C:29-1 (Count Nineteen). On Count One, the jury found defendant guilty of first-degree aggravated manslaughter of the child. The jury then found him guilty on Counts Two through Eighteen. We upheld the convictions, State v. Bruno, No. A-0435-15 (App. Div. Nov. 29, 2017), and the Supreme Court denied certification, State v. Bruno, 235 N.J. 399 (2018).

On appeal, defendant raises the following arguments:

POINT I

THIS COURT SHOULD REVERSE THE [PCR JUDGE'S] DECISION TO DENY THE

3

DEFENDANT'S PETITION FOR [PCR] WITHOUT AN EVIDENTIARY HEARING BECAUSE THE DEFENDANT ESTABLISHED A PRIMA FACIE CLAIM THAT HIS TRIAL COUNSEL WAS INEFFECTIVE WHEN HE DID NOT CALL DERMAINE SCOTT AS A WITNESS[.]

POINT II

THIS COURT SHOULD REVERSE THE [PCR JUDGE'S] DECISION TO DENY THE DEFENDANT'S PETITION FOR [PCR] WITHOUT AN EVIDENTIARY HEARING BECAUSE THE DEFENDANT ESTABLISHED A PRIMA FACIE CLAIM HIS TRIAL COUNSEL AND APPELLATE COUNSEL WERE INEFFECTIVE FOR FAILING TO APP[R]OPRIATELY ADDRESS ISSUES CONCERNING THE DEFENDANT'S RIGHT TO AN IMPARTIAL JURY[.]

A. THE DEFENDANT'S TRIAL COUNSEL SHOULD HAVE DEMANDED THAT THE TRIAL [JUDGE] EXCUSE JUROR NUMBER [FIVE] AND SHOULD HAVE ASKED FOR A VOIR DIRE OF THE REMAINING JURORS AND THE DEFENDANT'S APPELLATE COUNSEL SHOULD HAVE RAISED THESE ISSUES ON APPEAL[.]

B. THE DEFENDANT'S TRIAL COUNSEL SHOULD HAVE DEMANDED THAT THE TRIAL [JUDGE] EXCUSE JUROR NUMBER [EIGHT] AND SHOULD HAVE ASKED FOR A VOIR DIRE OF THE REMAINING JURORS AND THE DEFENDANT'S APPELLATE COUNSEL SHOULD HAVE RAISED THESE ISSUES ON APPEAL[.]

POINT III

THIS COURT SHOULD REVERSE THE [PCR JUDGE'S] DECISION TO DENY THE DEFENDANT'S PETITION FOR [PCR] WITHOUT AN EVIDENTIARY HEARING BECAUSE THE DEFENDANT'S APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO ARGUE THE TRIAL [JUDGE] ERRED WHEN [THE TRIAL JUDGE] DENIED THE DEFENDANT'S MOTION FOR A MISTRIAL[.]

POINT IV

THIS COURT SHOULD REVERSE THE [PCR JUDGE'S] DECISION TO DENY THE DEFENDANT'S PETITION FOR [PCR] WITHOUT AN EVIDENTIARY HEARING BECAUSE THE DEFENDANT ESTABLISHED A PRIMA FACIE CLAIM THAT HIS TRIAL [COUNSEL] DEPRIVED THE DEFENDANT OF HIS RIGHT TO TESTIFY[.]

POINT V

THIS COURT SHOULD REVERSE THE [PCR JUDGE'S] DECISION TO DENY THE DEFENDANT'S PETITION FOR [PCR] BECAUSE THE DEFENDANT ESTABLISHED A PRIMA FACIE [CLAIM] OF INEFFECTIVE ASSISTANCE OF COUNSEL ON THE BASIS OF THE CUMULATIVE EFFECT OF HIS TRIAL COUNSEL'S ERRORS[.]

We disagree and affirm substantially for the reasons given by Judge Young. We add the following remarks.

A-0144-19

When a PCR judge does not hold an evidentiary hearing, this court's standard of review is de novo as to both the factual inferences drawn by the judge from the record and the judge's legal conclusions. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).

"The standard for an ineffective assistance of counsel claim is . . . the same under both the United States and New Jersey Constitutions." State v. Gideon, 244 N.J. 538, 550 (2021). To establish a violation of the right to the effective assistance of counsel, a defendant must meet the two-part test articulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted in State v. Fritz, 105 N.J. 42 (1987). "First, the defendant must show that counsel's performance was deficient. . . . [And] [s]econd, the defendant must show that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687.

To meet the first prong, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Ibid. Reviewing courts indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689. To meet the second prong, a defendant must show that counsel's errors created a "reasonable probability" that the

6

outcome of the proceedings would have been different if counsel had not made the errors.  Strickland, 466 U.S. at 694.

The Strickland/Fritz two-pronged standard also applies to claims of ineffective assistance of appellate counsel.  State v. Gaither, 396 N.J. Super. 508, 513 (App. Div. 2007).  The hallmark of effective appellate advocacy is the ability to "winnow[] out weaker arguments on appeal and focus[] on one central issue if possible, or at most on a few key issues."  Jones v. Barnes, 463 U.S. 745, 751-52 (1983).  A brief that raises every colorable issue runs the risk of burying good arguments in a "verbal mound made up of strong and weak contentions."  Id. at 753.  Failure to pursue a meritless claim does not constitute ineffective assistance.  State v. Webster, 187 N.J. 254, 256 (2006).  Appellate counsel has no obligation to raise spurious issues on appeal.  Ibid.

A defendant is only entitled to an evidentiary hearing when he "'has presented a prima facie [claim] in support of [PCR],'" meaning that a defendant must demonstrate "a reasonable likelihood that his . . . claim will ultimately succeed on the merits."  State v. Marshall, 148 N.J. 89, 158 (1997) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)).  A defendant must "do more than make bald assertions that he was denied the effective assistance of counsel" to establish a prima facie claim entitling him to an evidentiary hearing.  State v.

7

Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). A defendant bears the burden of establishing a prima facie claim. State v. Gaitan, 209 N.J. 339, 350 (2012). We "view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Preciose, 129 N.J. at 463-64.

Without any competent showing, defendant argues his trial counsel failed to produce a witness who would have testified that defendant had been invited into the apartment. Defendant contends that such testimony would have negated the burglary and felony murder charges by demonstrating that he went to the apartment with permission and without the intent to commit an offense. During his statement to the police, defendant never mentioned the bald assertion that he was invited there. Moreover, even if defendant mentioned that fact to the police or defendant's proposed witness would have testified to that fact, it would have been completely contrary to the overwhelming evidence of guilt, such as the friend's testimony at trial, defendant bringing the weapon to the apartment, the gloves police recovered from the roof, the video showing the mother and son going through the window, and defendant beating the mother on the ground with a metal chair.

A-0144-19

Defendant argues that he did not receive a fair trial and that appellate counsel failed to raise that contention on appeal. In our unpublished opinion we addressed his contentions as to juror number eight, and therefore he is barred under Rule 3:22-4. But on the merits, as the PCR judge concluded, there was no abuse of discretion by allowing the juror to deliberate. And as to juror number five, the trial judge questioned that individual, who reiterated that he could remain fair and impartial. Moreover, defendant's argument that he was deprived of the right to testify is belied by the trial record. Finally, defendant's arguments as to appellate counsel—as to testimony by one witness and purported prosecutorial misconduct—are unsupported by the record and amount to mere bald assertions insufficient to establish a prima facie claim for PCR.

To the extent we have not otherwise specifically addressed any of defendant's remaining arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0144-19